UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

_____X
In re:                              :
                                    :
Kevin Wright,                       :         Chapter 7
                                    :         Case No. 07-50506
         Debtor.                    :
_____X
Marjatta Freeman,                   :
                                    :
         Plaintiff,                 :
                                    :
    v.                              :         Adv. Pro. No. 07-5039
                                    :
Kevin Wright,                       :
                                    :
         Defendant.                 :
_____X
Appearances:

Timothy D. Miltenberger, Esq.              :    For the Defendant
Coan, Lewendon, Gulliver & Miltenberger, LLC :
495 Orange Street                          :
New Haven, CT                              :

Elizabeth Austin, Esq.                     :    For the Plaintiff
Pullman and Comley                         :
P.O. Box 7006, 850 Main Street             :
Bridgeport, CT                             :

Dan Breacher, Esq.                         :
Scarini Hollenbeck                         :
99 Park Avenue                             :
New York, NY                               :

**MEMORANDUM OF DECISION AND ORDER ON
DEFENDANT'S VERIFIED MOTION TO REOPEN
ADVERSARY PROCEEDING AND VACATE DEFAULT JUDGMENT**

**Introduction**

Defendant Kevin Wright seeks to reopen this adversary proceeding and vacate the $12 million default judgment entered against him. For the reasons that follow, the

defendant's motion is denied.

## Background[1]

On August 26, 2007, the defendant filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code. On November 26, 2007, the plaintiff commenced this adversary proceeding, seeking a determination that certain debts are non-dischargeable, see 11 U.S.C. § 523(a)(4) and (6), and to find the defendant liable for civil RICO violations, see 18 U.S.C. § 81961 et seq. A January 25, 2008 pretrial order ("PTO") entered scheduling a trial on September 3, 2008. That date was rescheduled to June 3, 2008 by an April 1, 2008 PTO. Thereafter, there was a series of amended PTOs prompted by the plaintiff's efforts to complete discovery. In that regard, the plaintiff filed two applications for Letters Rogatory to facilitate document production outside of the United States, both of which were granted.

In August 2009, with the entry of the Seventh PTO, a trial was scheduled for September 16–18, 2009. However, on September 4, 2009, the plaintiff filed a motion to reschedule the trial, asserting that she had recently learned that the defendant had "intentionally destroyed and erased evidence which is relevant to the Plaintiff's allegations of fraud, misrepresentation and breaches of fiduciary duty by the Debtor". (Doc. #102 at 2, ¶2.) The plaintiff's motion stated that she intended to file "motions [which] will seek a ruling on a claim of spoilation and a finding of an adverse inference." (Id.) That motion was filed on September 15, 2009 (see doc. #109 ("Spoilation Motion")), and alleged, inter alia, that the plaintiff had "learned, through recent sworn testimony of Defendant, that Defendant has been systematically destroying electronic communications relevant to these proceedings." (Id. at 2, ¶1.)

---

[1] The court draws the facts for this background primarily from the Defendant's Verified Motion to Reopen Adversary and Vacate Default Judgment ("Verified Motion"), as well as the docket for this adversary proceeding.

At a November 24, 2009 hearing on the Spoilation Motion, the plaintiff's counsel represented: "We were informed last night by defendant's counsel[2] that they are not opposing the motion and consent to the entry of an order having this court find spoilation, adverse interest and allowing the answer to be stricken." (Nov. 24, 2009 Hr'g Tr. at 2:8-11 (doc. #155).) The motion was granted (*see* doc. #118), and the trial was suspended.

On January 25, 2010, the plaintiff sought the entry of a default (*see* doc. #133), which entered on January 27, 2010 (*see* doc. #134). Thereafter, the plaintiff moved for default judgment (*see* doc. #135). The hearing on that motion was continued several time before being marked off the court's calendar because "[a] motion to compromise will be filed no later than 4/13/2010." (Docket entry, Apr. 6, 2010.)

When no motion to compromise was filed by the April 13th deadline, a series of status conferences followed. Ultimately, no compromise was ever reached, and, on June 15, 2010, the plaintiff renewed her motion for default judgment. (*See* doc. #142.) On June 21, 2010, pursuant to an unopposed motion filed by the Office of the United States Trustee, the defendant's Chapter 11 case was converted to a case under Chapter 7. The plaintiff's motion for default judgment, which was also unopposed, was granted at a July 13, 2010 hearing. On July 15, 2010, the order granting the motion entered, as did the subject default judgment in favor of the plaintiff in the amount of $12,000,000 ("Default Judgment"). Neither the July 15th order granting the default judgment motion, nor the July 15th Default Judgment were appealed. This adversary proceeding was closed on August 17, 2010, but the Chapter 7 case remains open.

On July 6, 2011, that is over eleven months after the entry of the Default Judgment, the defendant's current attorney filed a verified motion to reopen the adversary proceeding[3] and to vacate the default judgment. Significantly, he states, *inter*

---

[2] At that time, the defendant was represented by different attorneys: Joseph J. D'Agostino, Jr., of Wallingford, Connecticut, and Sean Serpe of Pelton Serpe, LLP, located in New York City.

[3] Since the defendant's Chapter 7 case remains open, the § 350(b) motion need not be addressed. Moreover, even if applicable, any such motion should be filed in the

*alia*:

> 30. *After the conversion of his case to a case under Chapter 7, Wright first learned that he had been defaulted because of the Spoilation Motion and that a $12,000,000 judgment had been entered against him*.
>
> 31. Although Wright was aware that Freeman made allegations of spoilation against him, he was never made aware (I) that these allegations might result in his answer being stricken and a default being entered against him, or (ii) that <u>his attorney filed no written response to the allegations</u>, which he believed could be refuted to the extent that this Court would have either denied the Spoilation Motion or entered a lesser sanction.
>
> 32. <u>After the Spoilation Motion had been granted and without ever advising him of its entry of [*sic*] its consequences, Wright's attorneys presented him with a settlement proposal and urged him to accept it. Instead of advising him that his answer was stricken because of the Spoilation Motion, Wright's attorneys told him that if he did not settle, his case would convert to a Chapter 7 case</u>.
>
> 33. Wright was not advised that the first meeting of creditors would be conducted on July 21, 2010 until July 20, 2010, resulting in his non-attendance and a motion to compel being filed by his Chapter 7 trustee, Barbara Katz.

(Def.'s Verified Motion at 5-6 (italics in original, underlined emphasis added).)

Moreover, in his "Conclusion", the defendant states, *inter alia*:

> 64. *Wright's attorneys did nothing to protect him*. They never responded to the Spoilation Motion. They never sought to have the "deleted" files recovered. They never responded to the motion for judgment, and allowed a $12 million RICO judgment to enter

---

defendant's bankruptcy case, not a related adversary proceeding.

>   against their client without, upon information and
>   belief, ever seeing how the judgment amount was
>   calculated. *Instead, they misled Wright by concealing
>   the entry of the order granting the Spoilation Motion
>   and striking his answer*, and then urged him to settle.

(*Id*. at 13 (emphasis added).)

## Discussion

The defendant moves for relief under Rule 60(b)(2) and (6), made applicable by Bankruptcy Rule 9024, "Relief from Judgment or Order". It is well-settled that "[r]elief under Rule 60(b) is 'generally not favored and is properly granted only upon a showing of exceptional circumstances.'" *Insurance Co. of North America v. Public Service Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)).

*Rule 60(b)(2)*

Subparagraph (b)(2) authorizes a court to relieve a party from, *inter alia*, a final judgment where there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Here, the defendant does not allege a basis to satisfy that standard. The purported "newly discovered evidence" is certain Skype messages that are alleged to have only recently been discovered. Yet, that is because the defendant finally decided to go through the necessary recovery process of retrieving those messages sometime after meeting with his present counsel in March 2011. (*See* Aug. 23, 2011 Hr'g Tr. at 9:11-15 (doc. #170.) Moreover, the defendant fails to offer any persuasive explanation why this evidence was not recoverable and, therefore, "discoverable" with "reasonable diligence" prior to the entry of the Default Judgment or in time to move for a new trial. *Cf. Insurance Co. of North America v. Public Service Mut. Ins. Co.*, 609 F.3d 122, 130-31 (2d Cir. 2010) ("the movant must present evidence that is 'truly newly discovered or . . . could not have been found by due diligence'.") (quoting *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983)); *see also Schwartz v. Capital Liquidators, Inc.*, 984 F.2d

53, 54 (2d Cir. 1993) (affirming denial of Rule 60(b) motion where there was no indication the defendant could not have discovered the evidence earlier). Thus, there is no basis for reaching any other conclusion than that the defendant chose not to recover the Skype messages until he decided to seek to vacate the Default Judgment.

*Rule 60(b)(6)*

Subparagraph (b)(6) provides that relief may be granted for "any other reason that justifies relief." The Second Circuit has stated that subparagraph "(b)(6) applies only when no other subsection is available, [and, therefore,] grounds for relief may not be mistake, inadvertence, surprise or excusable neglect." *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986). Since "the scope of Rule 60(b)(6) is potentially so broad, relief should be granted only where the movant has demonstrated 'extraordinary circumstances' or 'extreme hardship'." *Williams v. Commissioner of Correction of State*, 122 F.3d 1058, 1997 WL 383430, *1 (2d Cir. 1997) (table) (quoting *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983)). Further, the Second Circuit disfavors granting Rule 60(b)(6) relief to a party for his attorney's gross negligence. *See Nemaizer*, 793 F.2d at 63 (citing *United States v. Cirami*, 535 F.2d 736, 740-41 (2d Cir. 1976); *Schwarz v. United States*, 384 F.2d 833, 835 (2d Cir. 1967)).

Moreover, a motion under Rule 60(b) "must be made within a reasonable time". Rule 60(c). "Specifically, the movant must show good cause for the failure to act sooner." *See Williams*, 1997 WL 383430, at *1 (citing *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)). In making that determination, a court scrutinizes the particular circumstances of the case and balances the interest in finality with the reasons for delay. *See PRC Harris*, 700 F.2d at 897.

While a Rule 60(b)(6) motion is not subject to the one-year time bar applicable to subparagraphs (1), (2), and (3), it is noteworthy that the defendant filed this motion mere days before the one-year anniversary of entry of the Spoilation Judgment. Nonetheless, relief under subparagraph (6) must be premised on justifiable conduct, but none was proffered here. To the contrary, despite meeting with new counsel in March 2011 (*see* Aug. 23, 2011 Hr'g Tr. at 3:18-20 (doc. #170)), the defendant waited

until July 2011 to file this motion. It appears that the defendant is attempting to justify the delay in producing the electronic data not only as a basis for his discredited "newly discovered evidence" argument, *see supra*, but also as a basis for justifying the delay in pursuing Rule 60(b)(6) relief. That attempt fails to demonstrate good cause warranting a finding of timeliness.

Even if the defendant's motion to vacate was considered timely, it would still fail. The defendant knew or should have known of his obligation to recover the electronic data while the discovery period was ongoing as he was represented by *two* attorneys. *See, supra*, note 2. Morever, the production of electronic data was addressed at the defendant's deposition.[4] (*See* Affidavit in Support of Opposition Motion at ¶¶7, 8 (doc. #167-1).) Further, the plaintiff's Spoilation Motion should have put the defendant on notice of his continued obligation to recover deleted electronic data and the consequences of his failure to do so. If his counsel failed to advise him of his obligations or the consequences of the granting of the Spoilation Motion, the defendant's remedy is not relief under Rule 60(b)(6). *See Nemaizer*, 793 F.2d at 63 (citing *United States v. Cirami*, 535 F.2d 736, 740-41 (2d Cir. 1976); *Schwarz v. United States*, 384 F.2d 833, 835 (2d Cir. 1967)).

Apparently, the defendant recognizes the Second Circuit's "reluctance" in utilizing Rule 60(b)(6) as an alternative to bringing a legal malpractice suit, *id.*, since he states: "Ordinarily in such circumstances, the United States Court of Appeal [for the Second Circuit] leaves the movant to his or her remedy for legal malpractice." (Def.'s Verified Motion at 9, ¶47.) Yet, he urges the court to consider non-binding precedent from the Ninth Circuit because that circuit permits Rule 60(b)(6) relief as a remedy – and in lieu of a malpractice action – to alleviate the consequences of a default judgment entered because of an attorney's negligence. *See Community Dental Servs. v. Tani*, 282 F.3d 1164, 1171 (9th Cir. 2002) (cited in Defendant's Verified Motion at 9, ¶48). The court respectfully declines to do so. It is evident from the defendant's Verified

---

[4] Parenthetically, the court notes that the plaintiff sought other electronic evidence from the defendant, beyond the allegedly recovered Skype messages which, in any event, have not been provided to the plaintiff.

Motion that his complaint focuses on his prior counsel.  (*See, e.g.,* Verified Motion at ¶¶31, 32, 64.)

## Conclusion

Accordingly, IT IS ORDERED that the Defendant's Verified Motion is denied.

Dated this 8th day of December 2011 at Bridgeport, Connecticut.

By the court

Alan H. W. Shiff
United States Bankruptcy Judge